## J. B. Chambers & Son et al. v. J. W. Newlin.

1. MORTGAGES—*Lien of Mortgagee in Possession is Superior to Attachment Writ.*—The lien of a mortgagee who has taken possession of a mortgaged mare upon his mortgage before an attachment writ was levied upon her is superior to that of the attachment writ.

2. REPLEVIN—*When Demand is Not Necessary.*—Where mortgaged chattels in the possession of the mortgagee are levied upon for a debt of the mortgagor a demand by the mortgagee is not necessary before bringing replevin.

Replevin.—Appeal from the Circuit Court of Vermilion County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed July 27, 1903.

LOVE & JEWELL, attorneys for appellants.

KEESLAR & ACTION, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellant, Alonzo Coons, who was a constable, took possession of a mare from the appellee, J. W. Newlin, in order to levy an attachment writ upon her which had been issued to him in favor of J. B. Chambers & Son, and against one H. S. Newlin, in furtherance of the collection of an indebtedness which the said H. S. Newlin was owing said firm. Before the writ was levied the appellee had taken possession of the mare under a chattel mortgage for $800 which H. S. Newlin had given him some time before the attachment writ was issued, to secure an indebtedness of about $700 owing by H. S. Newlin to the appellee and others, and for which the appellee was his surety. After the constable took possession of the mare from the appellee under the attachment writ, the appellee replevied the mare from the constable, and upon a trial thereof in the Circuit Court of Vermilion County, the mare was adjudged to the appellee. To reverse that judgment the appellant Coons appeals to this court and argues that by reason of the chattel mortgage having been taken by the appellee for a greater amount than was owing by H. S. Newlin to the appellee, it was void as to Chambers & Son, his creditors, and that the Circuit Court should have so held.

But we think the chattel mortgage was valid between the appellee and H. S. Newlin, and the former having taken possession of the mare under his mortgage before the attachment writ was issued, his mortgage lien upon her was superior to that of the attachment writ (National Bank v. Gilbert, 174 Ill. 492), and the conclusion of the Circuit Court in this case to that effect was proper.

It is urged that appellee should not be permitted to recover the mare because he made no demand for her upon the constable before the commencement of the replevin suit, but no such demand was necessary, for the reason that appellee had the mare in his possession under his mortgage

before the attachment writ was levied upon her and he could maintain replevin for her without a prior demand. Tuttle v. Robinson, 78 Ill. 353.

The conclusion reached in this case by the trial court being in accordance with the law applicable to the facts in the case, we will affirm the judgment.

The foregoing opinion was written by Mr. Justice Benjamin R. Burrough during his term as justice of this court, and is now adopted as the opinion of this court.

GEORGE W. BROWN,
Presiding Justice.